## OWEN SELLERS V. THE STATE.

No. 15937.   Delivered June 7, 1933.
Rehearing Denied October 25, 1933.
Reported in 63 S. W. (2d) 708.

The opinion states the case.

*Callaway & Callaway,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

We find in the record no bills of exception.  The testimony has been examined and seems to be sufficient to justify the jury in their conclusion of guilt.  One special charge was asked and refused, but the action of the court in refusing same appears not to have been objectionable since no exception was taken.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It appears from the evidence that several cartons of cigarettes were stolen from the Waples Platter Grocery Company store at Brownwood, Texas.  The cigarettes were in a building which was burglarized on the 19th day of May, 1932.  On the same day appellant proposed to sell to the witness Williamson a quantity of cigarettes.  Appellant asked $150 for the lot.  Williamson finally purchased three cases or cartons of cigarettes for $100.  The witness Williamson testified that the cigarettes were worth $215 at the wholesale price. Appellant refused to take a check in payment of the cigarettes but demanded cash which was paid.  Williamson conducted a drug store, but took the cigarettes to his home.  The cigarettes later came into the possession of the sheriff of Eastland county, and were examined by Stewart, who was in charge of them for

the Waples Platter Grocery Company at the time of the burglary. From Stewart it appeared that practically all marks upon the cartons by which he could positively identify the packages had been erased or mutilated. A shotgun was stolen from the building at the same time that the cigarettes were taken. It was proved by several witnesses that the gun mentioned was in the building, having been loaned to the Waples Platter Grocery Company for the protection of the watchman in the building. The gun was identified by several witnesses among whom were Woods, deputy sheriff of Eastland county, and Hise, chief of police at Brownwood.

Claude Littleton testified that he received a shotgun from the appellant about the 19th day of May, 1932, and after three days delivered it to an officer.

There was testimony introduced by the appellant, the effect of which was that on or about the 19th or 20th of May, 1932, the witness Harber and another person were standing upon the street and saw John Mitchell and two other men at an automobile. The witness and his companion were asked if they wanted to buy a shotgun. The witness went to a barber shop near the car and was asked by the parties if he knew to whom they could sell a shotgun. The witness was unable to identify the persons to whom he referred. The men were strangers. In fact, he had never seen them before. The witness stated that he owned two shotguns and had no desire to buy another one; that he did not see the appellant at the time. However, he saw the appellant a few minutes later. John Mitchell, a companion of the witness, talked to the appellant, who was in his automobile. Mitchell also talked to the other men who were present. Appellant went to the car and talked to the men who were in it.

Appellant presented an issue as to his good reputation as a law-abiding citizen, which the state controverted. He also presented the issue of a suspended sentence. His father testified that the appellant had never been convicted of a felony.

There is no matter before this court save the sufficiency of the evidence. The evidence is deemed sufficient to support the finding of the jury that part of the stolen property, namely, the shotgun, was positively identified in the possession of the appellant at a time and place near the date of the offense. The appellant's possession of the property was not explained by his own testimony or by circumstances, in such manner as would authorize this court to disregard the finding of the jury that the appellant committed the offense charged.

The motion for rehearing is overruled.

*Overruled.*